IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KEVIN FRANK RASHER**,

    Petitioner,

v.

**HENDRIX, Warden FCI Sheridan**,

    Respondent.

Case No. 3:22-cv-1295-YY

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Youlee Yim You issued Findings and Recommendations (F&R) in this case on March 22, 2023. Judge You recommends that the Court deny the petition for writ of habeas corpus and enter a judgment of dismissal. No party filed objections.

    Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge You's Findings and Recommendation for clear error on the face of the record. No such error is apparent with Judge You's substantive findings. The Court also does not find error in the *Willis/Kayfez* credit analysis by the Bureau of Prisons (BOP) that determined that neither of these narrow exceptions applied to allow credit of Petitioner's presentence time toward his federal term of imprisonment. The BOP's initial miscalculation of Petitioner's mandatory release date to October 6, 2022, instead of February 11, 2024, unfortunately gave Petitioner a false expectation of an earlier release, but BOP promptly corrected its miscalculation two weeks later. Petitioner does not present any evidence that the initial miscalculation was done in bad faith.

Judge You also recommends that the Court deny a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Habeas corpus petitions and motions under 28 U.S.C. § 2255 are subject to review on appeal. *See* 28

U.S.C. § 2253(a). Courts may deny certificates of appealability in motions under 28 U.S.C. § 2255 or habeas corpus proceedings "in which the detention complained of arises out of process issued by a State court." *Id.* § 2253(c). Because Petitioner brings his case under 28 U.S.C. § 2241 and the detention complained of does not arise out of process issued by a state court, no certificate of appealability is needed. *Id.*; *see also Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997) ("The plain language of section 2253(c)(1) does not require a COA here because this is an appeal from an order denying a 28 U.S.C. § 2241 petition that is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court."). Thus, the Court declines to adopt this portion of the Findings and Recommendation.

The Court ADOPTS IN PART Judge You's Findings and Recommendation, ECF 13. The Court DENIES Petitioner's Petition for Writ of Habeas Corpus, ECF 1.

**IT IS SO ORDERED.**

DATED this 18th day of May, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge